2.38M Loan 22-201709 CP A1 Loan

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CATALYST INCOME FUND 2022-1A, LLC

    Plaintiff,

v.                                                                                       Case No.

CP HOLDINGS CONSOLIDATED III, LLC;
CITY PLACE II AT CELEBRATION POINTE,
LLC; PATRICIA A. SHIVELY, individually;
PATRICIA A. SHIVELY, as Trustee of the
Irrevocable Trust of Patricia A. Shively u/a/d
October 26, 2010; and SVEIN H. DYRKOLBOTN,
individually;

    Defendants.
_____/

## COMPLAINT

CATALYST INCOME FUND 2022-1A, LLC ("**Plaintiff**"), by and through the undersigned counsel, files this Complaint against CP HOLDINGS CONSOLIDATED III, LLC; CITY PLACE II AT CELEBRATION POINTE, LLC; PATRICIA A. SHIVELY, individually; PATRICIA A. SHIVELY, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010; and SVEIN H. DYRKOLBOTN, individually (each, a "**Defendant**" and collectively, the "**Defendants**"). Plaintiff seeks to recover from the Defendants amounts due and owing under a promissory note and related guaranty agreements. As its Complaint,

Plaintiff alleges as follows:

## GENERAL ALLEGATIONS

### The Parties

1. Plaintiff, Catalyst Income Fund 2022-1A, LLC, is a Georgia limited liability company with its principal place of business in Georgia.

2. Catalyst Income Fund 2022-1A, LLC has two members:

    a. The first member of Catalyst Income Fund 2022-1A, LLC is Synartis Asset Management, LLC, a Delaware limited liability company. Synartis Asset Management, LLC also has two members:

    i. Chris Johnston, a citizen of Georgia; and

    ii. The Gordian Holdings Trust, whose trustee is Chris Johnston, a citizen of Georgia.

    b. The second member is Catalyst Equity Partners CRE, LLC, a Delaware limited liability company. Catalyst Equity Partners CRE, LLC has three members:

    i. Shalin Shah, who is a citizen of Georgia.

    ii. Kruti Shah, who is a citizen of Georgia.

    iii. Synartis Asset Management, LLC, which has two members:

    A. Chris Johnston, who is a citizen of Georgia.

    B. The Gordian Holdings Trust, whose trustee is Chris Johnston, a citizen of Georgia.

3. Defendant, CP Holdings Consolidated III, LLC, is a Florida limited liability company with its principal place of business in Florida.

4. CP Holdings Consolidated V, LLC has two members:

    a. Svein H. Dyrkolbotn, who is a citizen of Florida.

    b. Patricia A. Shively, who is a citizen of Florida.

5. Defendant, City Place II at Celebration Pointe, LLC, is a Florida limited liability company with its principal place of business in Florida. City Place II at Celebration Pointe, LLC has two members:

    a. The first member of City Place II at Celebration Pointe, LLC is Celebration Pointe Holdings, LLC, a Florida limited liability company. Celebration Pointe Holdings, LLC has three members:

        i. The first member is Patricia A. Shively, who is a citizen of Florida.

        ii. The second member is Royal Oaks of Gainesville, LLC, a Florida limited liability company.

            A. Upon information and belief, the member(s) of Royal Oaks of Gainesville, LLC are citizens of Florida or are otherwise citizens of a state *other than* Georgia.

        iii. The third member is SHD-Celebration Pointe, LLC, a Florida limited liability company.

        A.    The sole member of SHD-Celebration Pointe, LLC is Svein Dyrkolbotn, who is a citizen of Florida for diversity jurisdiction purposes.

    b.    The second member of City Place II at Celebration Pointe, LLC is Celebration Pointe Holdings II, LLC, a Florida limited liability company. Celebration Pointe Holdings II, LLC has two members:

        i.    The first member of Celebration Pointe Holdings II, LLC is Patricia A. Shively, who is a citizen of Florida.

        ii.    The second member of Celebration Pointe Holdings II, LLC is SHD-Celebration Pointe, LLC.

            A.    The sole member of SHD-Celebration Pointe, LLC is Svein Dyrkolbotn, who is a citizen of Florida.

6.    Defendant Svein H. Dyrolbotn is a citizen of Florida.

7.    Defendant Patricia A. Shively is a citizen of Florida.

8.    Defendant Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010, is a citizen of Florida.

## **Jurisdiction and Venue**

9.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties in interest are citizens of different states.

10. For diversity jurisdiction purposes, a limited liability company is considered a citizen of each state of which a member is a citizen.

11. As set forth above, the Plaintiff's citizenship is Georgia for diversity jurisdiction purposes. The Defendants' citizenship is Florida for diversity jurisdiction purposes.

12. Complete diversity exists between the Plaintiff and the Defendants.

13. This Court has personal jurisdiction over the Defendants because they are citizens of Florida for jurisdictional purposes. Additionally, the Defendants regularly operate, conduct, engage in, and carry on business ventures in Florida.

14. Venue in this Court is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District. In addition, venue in this Court is appropriate as the Guaranty Agreements (defined below) expressly provide that the state and federal courts of Florida shall be the appropriate venue for any litigation arising under such agreements.

**Loan Background**

15. Defendants City Place II at Celebration Pointe, LLC ("**City Place II**") and CP Holdings Consolidated III, LLC ("**CPHC III**," and together with City Place

II, the "**Borrowers**") are part of a mixed-use development in Gainesville, Florida called Celebration Pointe (the "**Development**").[1]

16. On April 5, 2022, the Borrowers obtained a loan from Plaintiff in the original principal amount of $2,380,000.00 (the "**Loan**").

17. In obtaining the Loan, the Borrowers represented that the proceeds of the Loan would be used to fund expenses to begin the development of a residential multifamily project called known as "Phase II of the City Place Apartments," which is part of the Development.

18. To evidence their obligation to repay the Loan, the Borrowers executed and delivered to Plaintiff a Promissory Note in the original principal amount of $2,380,000.00 (the "**Note**"). A copy of the Note is attached as **Exhibit A** to this Complaint.

19. To secure repayment of the Note, Defendant Patricia A. Shively ("**Shively**") executed and delivered to Plaintiff a Guaranty (the "**Shively Guaranty**"), in which Shively agreed, among other things, to be liable to repay the Borrowers' obligations under the Note. A copy of the Shively Guaranty is attached as **Exhibit B** to the Complaint.

---

[1] On March 14, 2024, affiliates of the Borrowers, Celebration Pointe Holdings, LLC, Celebration Pointe Holdings II, LLC, and SHD-Celebration Pointe, LLC filed Chapter 11 bankruptcy petitions commencing Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Florida, Case Nos. 24-bk-10056-KKS, 24-bk-10057-KKS, and 24-bk-10058-KKS. The Plaintiffs are not seeking any relief in this case against Celebration Pointe Holdings, LLC, Celebration Pointe Holdings II, LLC, or any other entity that is currently in a bankruptcy proceeding. None of the Defendants are debtors in a bankruptcy case. Nothing in this action is intended or should be construed as intending to violate the automatic stay of those non-parties under 11 U.S.C. § 362.

20. The Shively Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

21. To further secure repayment of the Note, Defendant Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010 (the "**Shively Trust**") executed and delivered to Plaintiff a Guaranty (the "**Shively Trust Guaranty**"), in which the Shively Trust agreed, among other things, to be liable to repay the Borrowers' obligations under the Note. A copy of the Shively Trust Guaranty is attached as **Exhibit C** to the Complaint.

22. The Shively Trust Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

23. To further secure repayment of the Note, Svein H. Dyrkolbotn ("**Dyrkolbotn**," and together with Shively and the Shively Trust, the "**Guarantors**") executed and delivered to Plaintiff a Guaranty (the "**Dyrkolbotn Guaranty**," and together with the Shively Guaranty and the Shively Trust Guaranty, the "**Guaranty Agreements**"), in which Dyrkolbotn agreed, among other things, to be liable to repay the Borrowers' obligations under the Note. A copy of the Dyrkolbotn Guaranty is attached as **Exhibit D** to the Complaint.

4872-4648-0350, v. 2

24. The Dyrkolbotn Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

25. In addition to the Note and the Guaranty Agreements, the Loan is also evidenced by the following additional agreements, instruments, and documents (together with the Note and the Guaranty Agreements, the "**Loan Documents**"):

    (a) Pledge Agreement dated April 5, 2022, by Shively to Plaintiff (the "**Shively Pledge Agreement**");

    (b) Pledge Agreement dated April 5, 2022, by Dyrkolbotn to Plaintiff (the "**Dyrkolbotn Pledge Agreement**");

    (c) Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement, dated April 5, 2022, by Celebration Pointe Holdings, LLC, in favor of Plaintiff (the "**Hypothecation Mortgage**");

    (d) Such other documents, instruments, papers, and agreements made or executed for the purpose of evidencing or memorializing the Loan.

26. All documentary stamps and/or intangible taxes due on the Loan have been paid in full.

27. Plaintiff is the owner of the Loan and holder of the Note, the Guaranty Agreements, and the other Loan Documents.

28. Under the terms of the Note, the entire indebtedness advanced by the Plaintiff to the Borrowers under the Note and all accrued and unpaid interest, unpaid

charges, fees, and expenses (collectively, the "**Maturity Date Payment Amounts**") were due and payable in full on April 30, 2024 (the "**Maturity Date**").

29. The obligations of the Borrowers under the Note are joint and several obligations of the Borrowers.

## Defaults under the Loan

30. In obtaining the Loan, the Borrowers represented that, after using the Loan proceeds to fund initial development costs for Phase II of the City Place Apartments, they would obtain refinancing, the proceeds of which would be used to repay the Loan by the Maturity Date.

31. However, upon information and belief, instead of using the Loan proceeds to fund budgeted development expenses, the Borrower and Mr. Dyrkolbotn misused the majority of the Loan proceeds to pay other lenders on affiliate-entity projects, other operating costs of other affiliate entities, and fees to entities owned or controlled by Mr. Dyrkolbotn.

32. The Borrowers have failed to comply with all of the terms and obligations imposed upon them under the Loan Documents.

33. The Plaintiff has not received payment of any monthly installment of interest since March 1, 2024.

34. The Borrowers are in default under the Note.

35. Specifically, the Borrowers are in default for, among other reasons:

(e) failing to pay the Maturity Date Payment Amounts on or before the Maturity Date (the "**Maturity Date Payment Default**"),

(f) the filing of a voluntary petition in bankruptcy by mortgagor Celebration Pointe Holdings, LLC (the "**Bankruptcy Default**" and together with the Maturity Date Payment Default, collectively, the "**Events of Default**").

36. On July 3, 2024, the Plaintiff delivered a notice of default letter to the Borrowers and the Guarantors listing the events of default (the "**Default Letter**").

37. The Default Letter advised the Borrowers and the Guarantors that the Plaintiff (i) was accelerating the Loan as permitted by the Loan Documents, (ii) was making a demand on the Borrowers for payment of all outstanding amounts due and owing under the Loan Documents (the "**Loan Obligations**") on or before July 15, 2024, and (iii) would be exercising any and all remedies available under the Loan Documents or otherwise available as to the Events of Default.

38. The Default Letter also advised the Guarantors that all sums due and owing under the Guaranty Agreements (the "**Guaranteed Obligations**") were immediately due and payable and made a demand on the Guarantors for payment of the Guaranteed Obligations on or before July 15, 2024.

39. To date, neither the Borrowers nor the Guarantors have made any payments to the Plaintiff in response to the Default Letter.

4872-4648-0350, v. 2

40. The amount due and owing on the Loan as of September 30, 2024, was $2,636,246.67, consisting of $2,380,000.00 of principal and $256,246.67 of accrued and unpaid interest, but exclusive of all unpaid charges, fees, attorneys' fees, and expenses of Plaintiff under the Note.

41. Interest is accruing daily on the unpaid principal balance at the rate of $1,388.33 per day.

42. Pursuant to Section 8 of the Note, the Borrowers are obligated to pay all of Plaintiff's reasonable attorneys' fees incurred arising out of the collection or enforcement of the Note, arising out of or in connection with any bankruptcy or reorganization affecting Plaintiff's rights and involving a claim under the Note, and arising from any suit, action, or other proceeding to enforce payment of any and all amounts owing by Borrower and the Guarantors.

43. Under each of the Guaranty Agreements, the Guarantors each guaranteed the Borrower's obligation to pay the Plaintiffs' attorneys' fees and costs due under Section 8 of the Note.

44. Additionally, pursuant to Section 3(c) of each of the Guaranty Agreements, the Guarantors each agreed to pay all costs and expenses, including fees and out-of-pocket expenses of attorneys and expert witnesses, incurred by the Plaintiff in enforcing its rights under the Guaranty Agreements.

45. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred prior to and in connection with this action.

46. Plaintiff expressly reserves the right to pursue any and all additional rights and remedies permitted under the Loan Documents, including but not limited to, foreclosure of the Hypothecation Mortgage and/or rights in connection with the Shively Pledge Agreement and the Dyrkolbotn Pledge Agreement.

## COUNT I

**Breach of Promissory Note**
*(City Place II at Celebration Pointe, LLC and*
*CP Holdings Consolidated III, LLC)*

47. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 46 above as though fully set forth herein.

48. This is an action to collect the balance due and owing on the Note.

49. The Borrowers executed the Note, and the Loan Obligations are due and owing to Plaintiff.

50. Plaintiff currently owns and holds the Note.

51. The Borrowers defaulted under the Note as evidenced by the Events of Default.

52. Plaintiff has sustained damages as a result of the Borrowers' default under the Note.

**WHEREFORE**, Plaintiff demands judgment, jointly and severally, against City Place II at Celebration Pointe, LLC and CP Holdings Consolidated III, LLC for all amounts due and owing under the Note, jointly and severally with the Guarantors, together with all accrued interest, fees, costs, expenses, including reasonable

attorneys' fees, and all other amounts due and payable under the Note, and for any other relief the Court deems just and proper.

## COUNT II

### Breach of Guaranty Agreement
*(Patricia A. Shively)*

53. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 46 above as though fully set forth herein.

54. Defendant Shively executed the Shively Guaranty whereby Defendant Shively agreed, among other things, to be liable to repay the Borrowers' obligations under the Loan Documents.

55. The Shively Guaranty is a valid contract.

56. Plaintiff currently holds and is entitled to enforce the Shively Guaranty.

57. Defendant Shively is in breach of the Shively Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

58. Defendant Shively has failed to make any payments to Plaintiff on account of the Shively Guaranty.

59. Plaintiff has sustained damages as a result of Defendant Shively's breach of the Shively Guaranty.

**WHEREFORE**, Plaintiff demands judgment against Patricia A. Shively for all amounts due and owing under the Shively Guaranty, jointly and severally with

the other Defendants, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Shively Guaranty, and for any other relief the Court deems just and proper.

## COUNT III

### Breach of Guaranty Agreement
*(Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010)*

60. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 46 above as though fully set forth herein.

61. Defendant the Shively Trust executed the Shively Trust Guaranty whereby Defendant the Shively Trust agreed, among other things, to be liable to repay the Borrowers' obligations under the Loan Documents.

62. The Shively Trust Guaranty is a valid contract.

63. Plaintiff currently holds and is entitled to enforce the Shively Trust Guaranty.

64. Defendant the Shively Trust is in breach of the Shively Trust Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

65. Defendant the Shively Trust has failed to make any payments to Plaintiff on account of the Shively Trust Guaranty.

66. Plaintiff has sustained damages as a result of Defendant the Shively Trust's breach of the Shively Trust Guaranty.

4872-4648-0350, v. 2

**WHEREFORE**, Plaintiff demands judgment against Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010 for all amounts due and owing under the Shively Trust Guaranty, jointly and severally with the other Defendants, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Shively Trust Guaranty, and for any other relief the Court deems just and proper.

## COUNT IV

### Breach of Guaranty Agreement
*(Svein H. Dyrkolbotn)*

67. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 46 above as though fully set forth herein.

68. Defendant Dyrkolbotn executed the Dyrkolbotn Guaranty whereby Defendant Dyrkolbotn agreed, among other things, to be liable to repay the Borrowers' obligations under the Loan Documents.

69. The Dyrkolbotn Guaranty is a valid contract.

70. Plaintiff currently holds and is entitled to enforce the Dyrkolbotn Guaranty.

71. Defendant Dyrkolbotn is in breach of the Dyrkolbotn Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

4872-4648-0350, v. 2

72. Defendant Dyrkolbotn has failed to make any payments to Plaintiff on account of the Dyrkolbotn Guaranty.

73. Plaintiff has sustained damages as a result of Defendant Dyrkolbotn's breach of the Dyrkolbotn Guaranty.

**WHEREFORE**, Plaintiff demands judgment against Svein H. Dyrkolbotn for all amounts due and owing under the Dyrkolbotn Guaranty, jointly and severally with the other Defendants, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Dyrkolbotn Guaranty, and for any other relief the Court deems just and proper.

### RESERVATION OF RIGHTS

Plaintiff reserves the right to further amend this Complaint upon completion of further investigation and discovery in order to assert any additional claims for relief against Defendant or other potential defendants as may be warranted under the circumstances and applicable law.

DATED: October 25, 2024

> */s/ Matthew B. Hale*
> Matthew B. Hale (FBN 0110600)
> **STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
> 110 East Madison Street, Suite 200
> Tampa, Florida 33602
> (813) 229-0144
> mhale@srbp.com
> Attorney for Plaintiff